# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2012

Lyle W. Cayce
Clerk

No. 10-11191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUSSELL A. HUDSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:89-CR-126-1

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Russell A. Hudson appeals the district court's judgment revoking his term of supervised release and sentencing him to 23 months of imprisonment and an additional supervised release term of 13 months. Hudson timely appealed.

Hudson first argues that the district court plainly erred in imposing his sentence by considering factors identified in 18 U.S.C. § 3553(a)(2)(A), such as the need "to provide just punishment for the offense" and its "seriousness." Because Hudson did not object in the district court to the court's consideration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a prohibited factor in determining his sentence, we review only for plain error. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). To show plain error, Hudson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

After Hudson was sentenced, while the instant appeal was pending, we decided *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), *cert. denied*, No. 10-10784, 2011 WL 2148772 (Oct. 31, 2011). In *Miller*, we held that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." 634 F.3d at 844. To the extent that the district court relied on a § 3553(a)(2)(A) factor, such reliance was impermissible under *Miller*.

Our circuit has issued inconsistent cases on the subject of whether the "plainness" of an error is judged at the time of sentencing or at the time of appeal. *Compare United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005) ("'Plain' is synonymous with 'clear' or 'obvious,' and at a minimum, contemplates an error which was clear under current law at the time of trial."); *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998) (same), *with United States v. Bishop*, 603 F.3d 279, 281 (5th Cir.) ("We determine whether an alleged error is plain by reference to existing law at the time of appeal."), *cert. denied*, 131 S. Ct. 272 (2010); *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008) ("[T]he error need only be plain at the time of appellate consideration."); *see also United States v. Gloria*, No. 10-10423, 2011 WL 3966101 * 2 (5th Cir. Sept. 7, 2011)(unpublished)(concluding *Miller* error was not plain because of circuit split at the time of sentencing). Accordingly, we apply the earliest pronouncement of this determination following the Supreme Court's explication of the plain error factors in *United States v. Olano*, 507 U.S.

725, 734 (1993). *United States v. Knowles*, 29 F.3d 947 (5th Cir. 1994) (holding that error is plain when it is plain at the time of appeal). Where "two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent in this circuit." *United States v. Wheeler*, 322 F.3d 823, 828 n.1 (5th Cir. 2003) (internal quotation marks omitted). Accordingly, we conclude that the district court plainly erred in considering a factor under § 3553(a)(2)(A).

We conclude that this error affected Hudson's substantial rights. Although the district court references factors it "should consider" under 3553(a) in pronouncing the sentence, it discussed only two facts expressly not permitted to be considered under *Miller* – the seriousness of the offense and punishment. Thus, we conclude that the error resulted in the imposition of an impermissible sentence affecting Hudson's rights. Finally, we conclude that it is appropriate to exercise our discretion to correct this error.

We also review for plain error Hudson's second argument, *i.e.*, that the district court erred by considering his need for rehabilitation in determining his sentence. This argument is based on the Supreme Court's recent decision in *Tapia v. United States*, 131 S. Ct. 2382 (2011). In the wake of *Tapia*, however, we have held that the limitations on the consideration of rehabilitation at issue in *Tapia* do not apply in a revocation proceeding. *See United States v. Breland*, 647 F.3d 284, 287-90 (5th Cir. 2011). Therefore, this argument is foreclosed.

Hudson's sentence is REVERSED, and the case is remanded for resentencing.