# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40389

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SANDRA RIVERA,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas

## ON PETITION FOR REHEARING

Before STEWART, Chief Judge, and KING and ELROD, Circuit Judges.

PER CURIAM:

The petition for rehearing is DENIED.

Applying our earlier decision in *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), our opinion held that a district court may not "rely upon the seriousness of the offense and the need for just punishment when sentencing a defendant for violation of the conditions of his supervised release." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). In reaching that holding, we observed that Congress's decision to exclude the "seriousness of the offense" from consideration in a district court's decision to revoke supervised release

"may be counterintuitive." *Id.* This exclusion likely arises from the fact that "construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release" would raise "serious constitutional questions." *Johnson v. United States*, 529 U.S. 694, 700 (2000). For example, "[a]lthough such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Id.* Further, "[w]here the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense." *Id.*; *see also United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) ("When the violations are criminal and the subject of a separate prosecution, as in this case, the defendant may be placed in double jeopardy if punished for the same conduct in both proceedings.").[1] "Treating postrevocation sanctions as part of the penalty for the initial offense," rather than a penalty for the offense constituting a violation of the terms of supervised release, "avoids these difficulties." *Johnson*, 529 U.S. at 700.

But at the same time, consideration of the "seriousness of the offense" constituting a supervised release violation seems inevitable in the revocation context. Indeed, the reason the exclusion of that factor is "counterintuitive" is that there seems little else on which to base the revocation sentence aside from the conduct constituting a violation of the conditions of supervised release. Moreover, the other factors expressly referred to in section 3583 appear to contemplate consideration of the seriousness of the supervised release

---

[1] Because of these constitutional issues, at least one of our sister circuits has read "offense" in the cross-referenced section 3553(a) factors to refer to the offense of conviction, not the offense constituting a supervised release violation. *See, e.g.*, *Johnson*, 640 F.3d at 203.

violation. *See* 18 U.S.C. § 3583(e) (instructing district courts to consider the factors set forth in, *inter alia,* 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2)(B) and (C) in determining the appropriate sanction for a violation of supervised release); 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(B)–(C) ("the need for the sentence imposed—(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant"). Further, the policy statements regarding supervised release in the *United States Sentencing Guidelines Manual* are centered around grading the seriousness of the conduct constituting a violation of the conditions of supervised release. The Guidelines begin by classifying supervised release violations into Grade A, B, or C. U.S.S.G. § 7B1.1(a). Grade A violations are those involving felonies that are crimes of violence, controlled substance offenses, involve firearms or "destructive device[s]," or felonies punishable by more than twenty years in prison. U.S.S.G. § 7B1.1(a)(1). Grade B violations are all other felonies. U.S.S.G. § 7B1.1(a)(2). Grade C violations are misdemeanors and all other supervised release violations. U.S.S.G. § 7B1.1(a)(3). The Grade of the supervised release violation determines, in combination with the defendant's criminal history category, the Guidelines sentencing range in the "Revocation Table." U.S.S.G. § 7B1.4.

As such, the Guidelines rely on the "seriousness" of the supervised release violation, at least in some sense, in determining the appropriate sentence. Moreover, one of the factors expressly included in the supervised release statute is "any pertinent policy statement . . . issued by the Sentencing Commission." *See* 18 U.S.C. § 3583(e) (listing 18 U.S.C. § 3553(a)(5) as a factor the court must consider in revoking supervised release); 18 U.S.C. § 3553(a)(5) ("The court, in determining the particular sentence to be imposed, shall consider . . . (5) any pertinent policy statement—(A) issued by the Sentencing

Commission . . . ."). Section 3583 therefore *contemplates*, at least to some degree, reliance on the seriousness of the supervised release violation insofar as the grading of the violation in the Sentencing Guidelines is concerned.

This dissonance may, in later cases, be mitigated by differentiating between *punishment* for the offense constituting the supervised release violation, and *sanctioning* the violation itself. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) ("Although a court may consider the need to sanction an individual for violating the conditions of probation or supervised release when formulating its sentence at a revocation proceeding, that type of 'sanction' is distinct from the 'just punishment' referred to in § 3553(a)(2)(A)."); *Johnson*, 640 F.3d at 203 ("But the *sanction* for failing to abide by conditions of supervised release is to be distinguished from 'the imposition of an appropriate *punishment* for any new criminal conduct' which may occur only following a conviction in a separate criminal proceeding." (quoting *U.S. Sentencing Guidelines Manual* ch. 7, pt. A, introductory cmt. (U.S. Sentencing Comm'n 2014)). Indeed, the Sentencing Manual contemplates exactly that distinction. The Introduction to the revocation section of the Guidelines Manual indicates that the revoking court should not sentence the defendant with an aim to punish the offense that constitutes the supervised release violation. *See U.S. Sentencing Guidelines Manual* ch. 7, pt. A, introductory cmt. (U.S. Sentencing Comm'n 2014). Drawing a (very) fine line, the Guidelines Manual states that the district court is instead punishing the defendant's breach of the court's trust and that punishment of the offense constituting the violation is best left to the court responsible for imposing the sentence for the offense itself. *Id.* Nevertheless, the Manual also states that "the nature of the conduct leading to the revocation [may] be considered in measuring the extent of the breach of trust." *Id.*

Our opinion holds only that "making the seriousness of the [offense constituting the supervised release violation] and the need for just punishment dominant factors in [the] revocation sentence" was error. *Rivera*, 784 F.3d at 1017. Determining precisely to what extent a district court may rely on the "seriousness of the offense" in applying the other section 3583(e) factors, e.g., the "nature and circumstances of the offense," and the Guidelines is an issue left unaddressed by our opinion, and it is best left to future cases.