# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30968
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDI ALYSHA PINNER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-5-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

In 2013, Brandi Alysha Pinner pleaded guilty to aiding and abetting the distribution of methamphetamine and was sentenced to 15 months of imprisonment and three years of supervised release. Pinner has appealed the district court's judgment revoking her supervised release and sentencing her to 12 months of imprisonment. Pinner contends that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly considered the factors listed in 18 U.S.C. § 3553(a)(2)(A) in determining her revocation sentence.

A properly preserved objection to a revocation sentence is reviewed under the plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, because the instant objection was not asserted in the district court, our review is limited to plain error. *See id.* "To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights." *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). If those factors are established, the decision to correct the forfeited error is within the court's sound discretion. *Id.*

In determining whether to revoke a term of supervised release, the district court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e); *see United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). "Missing from this list is § 3553(a)(2)(A), which allows a court to impose a sentence that reflects 'the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Miller*, 634 F.3d at 844 (quoting § 3553(a)(2)(A)). This court has held that "[w]hen sentencing a defendant under § 3583(e), a district court may not consider § 3553(a)(2)(A) because Congress deliberately omitted that factor from the permissible factors enumerated in the statute." *Miller*, 634 F.3d at 844. After *Miller*, this court clarified that a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence. *See Walker*, 742 F.3d at 616.

In setting forth its reasons at the revocation hearing, the district court first cited a permissible factor set forth in § 3553(a)(1), stating that "the history

and characteristics of the defendant" justify the above-guidelines one-year revocation sentence.  The court went on to cite § 3553(a)(2)(A) before stating that Pinner's "offenses are serious," that she was, "as part of the revocation proceeding, receiv[ing] just punishment" of 12 months, and that her prevarications and inconsistent statements to the court and during the investigation of her medical condition "justify a one-year sentence in order to promote respect for the law."  The court twice described the revocation sentence as "pure punishment" and stated that Pinner "will be punished for the violations and the inability to follow rules and the false information that she has supplied to this Court" regarding her medical condition.

Even assuming that the district court plainly erred by making the § 3553(a)(2)(A) considerations a dominant factor in imposing the revocation sentence and that this error affected Pinner's substantial rights, this court is not required to correct the forfeited error.  *See Walker*, 742 F.3d at 616.  Under the fourth prong of plain-error review, this court "has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir.), *reh'g denied*, 797 F.3d 307 (5th Cir. 2015) (internal quotation marks and citation omitted) (emphasis in original).  "In analyzing the fourth prong, we look to the degree of the error and the particular facts of the case to determine whether to exercise our discretion."  *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (internal quotation marks and citation omitted).  "In the past, we have declined to remedy some errors that may have caused sentence increases."  *Rivera*, 784 F.3d at 1018-19, n.3 (collecting cases).

"[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release."  *Miller*, 634 F.3d at 843.  The Sentencing Manual

contemplates a distinction "between *punishment* for the offense constituting the supervised release violation[] and *sanctioning* the violation itself." *Rivera*, 797 F.3d at 308-09. "Drawing a (very) fine line," the Guidelines Manual states that "the revoking court should not sentence the defendant with an aim to punish the offense that constitutes the supervised release violation" but that "the district court is instead punishing the defendant's breach of the court's trust." *Rivera*, 797 F.3d at 309. "[T]he Manual also states that 'the nature of the conduct leading to the revocation [may] be considered in measuring the extent of the breach of trust.' *Id.* (quoting U.S.S.G. Ch. 7, Pt. A, intro. comment. (U.S. Sentencing Comm'n 2014)).

In the instant case, the transcript of the revocation hearing indicates that the district court was focused not on punishing Pinner for offenses alleged in the revocation petition, but upon sanctioning her for the breaches of trust exemplified by her repeated failures to comply with her supervised release conditions and her misrepresentations to the court. *See Rivera*, 797 F.3d at 308-09. Although it may have erred in articulating the reasons for its determination, the district court was attempting to effectuate the appropriate goal of sanctioning Pinner's supervised release violations and breaches of trust. *See Miller*, 634 F.3d at 843-44; *Rivera*, 797 F.3d at 308-09; U.S.S.G. Ch. 7, Pt. A, intro. comment. As the particular facts of this case thus indicate only a small degree of error that does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, we will not exercise our discretion to remedy it. *See Prieto*, 801 F.3d at 554; *Rivera*, 784 F.3d at 1018-19. The judgment is **AFFIRMED**.