# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20436

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CURTIS LLOYD RAMSDALE,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-745-1

————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Curtis Lloyd Ramsdale has appealed the district court's judgment revoking his supervised release and imposing a statutory maximum two-year term of imprisonment. He contends that the district court improperly considered factors listed in 18 U.S.C. § 3553(a)(2)(A) when imposing the sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20436

Ordinarily, revocation sentences are reviewed under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because no objection was made at the revocation hearing, this court's review of Ramsdale's revocation sentence is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Ramsdale must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Because 18 U.S.C. § 3583(e) omits from its directive the sentencing factors listed in § 3553(a)(2)(A), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *Miller*, 634 F.3d at 844.

Ramsdale argues that the district court plainly erred in pronouncing his sentence because it mentioned that the sentence "would further reflect the seriousness of the noted violations, promote respect for the law and this Court, and provide just punishment for the defendant's continued violation of the law." According to Ramsdale, in making this statement, the district court improperly considered factors listed in § 3553(a)(2)(A) in determining his sentence. However, the district court's mere mention of the factors without more does not result in plain error. *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). Moreover, the factors listed in the subject statement were only some of the several factors that the district considered in pronouncing Ramsdale's sentence, and the record does not establish that the subject factors

2

were the dominant factors in the court's sentencing decision. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir.), *reh'g denied*, 797 F.3d 307 (5th Cir. 2015). Finally, it appears that the subject comments were made in the context of Ramsdale's failure to comply with his obligations under the terms and conditions of his supervised release term and not in connection with the underlying offenses. In this regard, the comments do not offend § 3583(e) nor this court's holding in *Miller*. *See Rivera*, 797 F.3d at 308 (recognizing distinction between punishment for the offense of conviction and sanctioning the violations resulting in revocation of supervised release). Based on the foregoing, any error by the district court in making the subject statement was not "clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

The district court's judgment is **AFFIRMED**.