# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20166

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ALEJANDRO MOLINA PAVON, also known as Alejandro P. Molina, also known as Alejandro Pavon Molina, also known as Alejandro Molina-Pavon, also known as Hipolito Alexander Pavon-Molina, also known as Hipolito Alexander Pavon Molina, also known as Alexander Hipolito, also known as Alejandro Hernandez Pavon,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-717-1

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

      Alejandro Molina Pavon's supervised release was revoked after he pleaded true to violating its conditions. At the sentencing hearing, the government recommended an 11-month sentence, but the district judge

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20166

upwardly departed and sentenced Pavon to the statutory maximum of 24 months' imprisonment. Pavon asserts on appeal that the district court based its above-guidelines sentence on improper factors, but failed to specifically object to this at the sentencing hearing so the review is for plain error. *See United States v. Rivera*, 784 F.3d 1012, 1016 (5th Cir. 2015) (*reh'g denied*, 797 F.3d 307). A finding of plain error requires a clear and obvious error that affected the defendant's substantial rights, and that a court of appeals may only correct if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). We conclude that on this record any such error does not necessitate this court's remedy, and affirm the district court's ruling.

Pavon relies heavily on this court's holding of reversible plain error in *Escalante-Reyes* where the district court repeatedly emphasized an improper basis for an increased sentence. *United States v. Escalante-Reyes*, 689 F.3d 415, 425-26 (5th Cir. 2012). That court chose to correct the plain error, but explained that "we are not satisfied that there is other evidence in the record that shows that [defendant's] sentence is fair." *Id.* at 425. The same may not be said in the instant case. The Presentence Investigation Report reflected that Pavon had a significant criminal history, including, but not limited to: drug offenses, theft, criminal trespass, and various aliases, along with multiple deportations and illegal reentries. Accordingly, we hold that "[u]nder the circumstances of this case, we cannot say that the district court's revocation sentence ... impugns the fairness, integrity, or public reputation of the court system." *Rivera*, 784 F.3d at 1019.

AFFIRMED.

2