# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60282

cons w/16-60283

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ROBERT SCOTT ANTRIM,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-141-1
USDC No. 1:08-CR-79-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Robert Scott Antrim appeals his sentence of three consecutive 24-month terms of imprisonment for violation of the terms of his supervised release for three prior convictions for bank robbery. Antrim argues that the district court plainly erred by considering factors listed in 18 U.S.C. § 3553(a)(2)(A) and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to consider mitigating evidence when imposing these sentences. Finding no error, we AFFIRM.

I.

In April 2009, Antrim pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a).  The district court sentenced Antrim to concurrent 56-month terms in prison on each count, concurrent three-year terms of supervised release on each count, and ordered him to pay fines and restitution.   On April 19, 2016, while serving his concurrent terms of supervised release, a revocation petition was filed alleging that Antrim had violated the terms of his supervised release by robbing banks on July 25 and 27, 2015 in Texas and Mississippi.  Antrim admitted the allegations set forth in the petition during a revocation hearing on May 2, 2016.

The probation office prepared a guidelines calculation letter classifying Antrim's conduct as Grade A violations and his previous criminal history as Category III.  Under U.S.S.G. § 7B1.4, the policy range of imprisonment was 18 to 24 months on each count, with a statutory maximum term of imprisonment of 24 months on each count.  The term of supervised release was not more than three years under 18 U.S.C. § 3583(b)(2).

Antrim's defense counsel offered the following mitigation evidence. Antrim was sentenced to two concurrent sentences of 188 months for the 2015 bank robberies giving rise to the revocation petition, to run consecutive to any revocation sentence.  The 188-month sentences were at the top of the guideline range for the robbery offenses.  Antrim's counsel also emphasized that the 2015 bank robberies were linked to Antrim's drug use, but he had become sober since his arrest.  Antrim's mother was ill and likely would not survive Antrim's lengthy prison term.

In ordering Antrim's revocation sentences, the district court reasoned:

2

No. 16-60282 cons w/ No. 16-60283

In this case, the Court finds the following factors are relevant: The need to promote respect for the law, to afford adequate deterrence to criminal conduct, to protect the public, and to control the offender's conduct. And while the Court is mindful of the fact that the defendant has been sentenced for the underlying bank robberies themselves to concurrent terms of 188 months, which represented the top of the guideline range, and further, the other family characteristics that have been mentioned by counsel here today, I also am aware that, of course, his criminal history is not insignificant. He was a Category III at the time of initial sentencing. And then he is – the character of his violations here are precisely the same type of violations or offenses for which he was originally indicted, convicted and sentenced.

The conduct of the defendant reflects a lack of respect for the law and for the rules of the court in terms of supervision. Mr. Antrim has clearly not been deterred, and the public needs to be protected from this type of conduct. So those are all factors the Court finds pertinent here.

The district court sentenced Antrim to consecutive terms of 24 months of imprisonment for each of his three counts of conviction. These sentences were to be served consecutively to Antrim's two 188-month sentences for his convictions for the underlying conduct. In ordering these sentences, the district court noted "the serious nature of these violations."

At the hearing, Antrim's counsel objected to the three consecutive sentences on the grounds of reasonableness. Antrim appeals, arguing the district court considered improper factors listed in 18 U.S.C. § 3553(a)(2)(A) including seriousness of the offense and respect for the law, failed to account for mitigating factors, and erred in balancing the statutory sentencing factors in sentencing Antrim to three consecutive 24-month sentences.

No. 16-60282 cons w/ No. 16-60283

II.

Revocation sentences are reviewed under "the plainly unreasonable standard."[1]   However, the government urges and Antrim concedes that a review for plain error is appropriate because Antrim made no specific objection to the district court's reliance on impermissible factors during the revocation hearing.[2] Antrim merely objected to the sentence as "being unreasonable."

Under the plain error standard, Antrim must show a forfeited error that is clear or obvious and that has affected his substantial rights.[3]  If Antrim is successful, this Court may exercise discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[4]

III.

18 U.S.C. § 3583(e) provides in pertinent part:

> The court may, after considering the facts set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony….[5]

As we have observed, this statute requires district courts to consider certain

---

[1] *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

[2] *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

[3] *United States v. Puckett*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 732-34 (1993)).

[4] *Id.* (alteration in original) (quoting *Olano*, 507 U.S. at 736).

[5] 18 U.S.C. § 3583(e)(3).

§ 3553 factors in a revocation hearing, but specifically excludes consideration of § 3553(a)(2)(A).[6] We have held that such a "deliberate omission" makes it improper for a district court to rely on the factors listed in § 3553(a)(2)(A) for the modification or revocation of a supervised release term.[7] The district court is therefore prohibited from imposing a sentence based on "the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense."[8] And we have made it clear that "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence."[9]

Our primary inquiry is whether the district court relied on an impermissible consideration as a dominant factor in sentencing Antrim during the revocation hearing. Antrim argues that the district court placed dominant consideration on the seriousness of the offense and the need to promote respect for the law.

In support, Antrim points to the revocation hearing transcript quoted above where the district court twice mentions "respect for the law" among other factors considered. Antrim also notes that the district court mentioned the "serious nature of these violations" when sentencing him to three consecutive maximum sentences. Antrim argues that because the district court expressly considered both the seriousness of the offense and promoting respect for the law, the district court erred by considering impermissible factors under § 3553(a)(2)(A).

---

[6] *Miller*, 634 F.3d at 844.

[7] *United States v. Rivera*, 784 F.3d 1012, 1016-17, *reh'g denied*, 797 F.3d 307 (5th Cir. 2015) (quoting *Miller*, 634 F.3d at 844) (internal quotation marks omitted).

[8] 18 U.S.C. § 3553(a)(2)(A).

[9] *Rivera*, 784 F.3d at 1017 (citing *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014)) (discussing *Miller*, 634 F.3d at 844).

We have held that recitation of these impermissible factors "without more does not result in plain error."[10]  The district court also expressly relied on a number of permissible factors: deterring criminal conduct,[11] protecting the public,[12] and the defendant's conduct and prior criminal history.[13]  We have held that a district court does not plainly err in referencing factors listed in § 3553(a)(2)(A) when the district court's comments are made in the context of the defendant's failure to comply with his obligations under the terms of his supervised release rather than the context of the underlying offense.[14]

We find this case most analogous to our decision in *United States v. Ramsdale*.[15]  There, the district court cited all three impermissible factors under § 3553(a)(2)(A) and several other permissible factors in its sentencing decision.[16]  We held that because the impermissible factors were mentioned among many, they did not predominate.[17]  Further, the district court's reasoning focused on the defendant's failure to comply with his supervised release, not his underlying convictions.[18]

---

[10] *United States v. Ramsdale*, 658 F. App'x 199, 200 (5th Cir. 2016) (finding that the district court's mention of § 3553(a)(2)(A) factors did not make those factors dominant in the court's sentencing decision); *see Walker*, 742 F.3d at 616.

[11] 18 U.S.C. § 3553(a)(2)(B).

[12] *Id.* § 3553(a)(2)(C).

[13] *Id.* § 3553(a)(1).

[14] *See United States v. Ellsworth*, 490 F. App'x 663, 664 (5th Cir. 2012) (finding that the district court's use of the term "punishment" referenced the need to punish  the defendant for violating the terms of his supervised release, not the underlying offense); *United States v. LeBoeuf*, 435 F. App'x 359, 361-62 (5th Cir. 2011) (noting the difference between the district court's use of the word "punishment" in reference to the defendant's violation of his release conditions and "just punishment" for the conduct underlying the revocation, a prohibited factor); *see also Rivera*, 797 F.3d at 308 (recognizing the distinction between punishment for the underlying offense and sanctioning the violations resulting in revocation of supervised release).

[15] 658 F. App'x at 200.

[16] *Id.* at 200-01.

[17] *Id.*

[18] *Id.* at 201.

Here, the district court mentioned the "need to promote respect for the law" and the "serious nature of these violations" in the context of Antrim's lack of respect "for the rules of the court in terms of supervision" because his conduct was not deterred by the terms of his supervised release. The district court's mere mention of the two impermissible factors during Antrim's sentencing does not make them dominant factors in the district court's decision and does not amount to plain error. Further, the district court's primary concern was Antrim's lack of adherence to the terms of his supervised release, not the underlying offenses prompting the revocation hearing, so the district court's reasons do not constitute plain error.

We recognize that these types of cases present fact-specific inquiries. Another panel has reversed a defendant's sentence to correct an error where the district court relied solely on impermissible factors.[19] Some panels have found that district courts erred in relying primarily on impermissible factors, but did not exercise discretion to correct the error.[20] The instant case is distinguishable from both of these scenarios because the district court's reference to impermissible considerations was not a dominant factor in its reasons for Antrim's sentence.

Antrim also argues that the district court failed to consider mitigating factors and appropriately balance those factors. The district court specifically

---

[19] *United States v. Hudson*, 457 F. App'x 417, 419-20 (5th Cir. 2012) (reversing the defendant's revocation sentence where the court discussed only the seriousness of the offense and punishment, two impermissible factors listed in § 3553(a)(2)(A)).

[20] *United States v. Pinner*, 655 F. App'x 205, 207 (5th Cir. 2016) ("Even assuming that the district court plainly erred by making the § 3553(a)(2)(A) considerations a dominant factor in imposing the revocation sentence and that this error affected Pinner's substantial rights, this court is not required to correct the forfeited error."); *United States v. Handy*, 647 F. App'x 296, 301 (5th Cir. 2016) (following *Rivera* in finding that even though the district court erred in considering impermissible factors, "we are satisfied that adding the supervised release term to Handy's sentence under these circumstances did not affect the fairness, integrity, and public reputation of judicial proceedings").

recited its consideration of mitigating factors during sentencing.[21]  We find no plain error in the district court's consideration and balancing of the mitigating factors.

Therefore, we AFFIRM Antrim's sentences.

---

[21] As noted previously, the district court stated,

And while the Court is mindful of the fact that the defendant has been sentenced for the underlying bank robberies themselves to concurrent terms of 188 months, which represented the top of the guideline range, and further, the other family characteristics that have been mentioned by counsel here today, I am also aware that, of course, his criminal history is not insignificant.