# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20612
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUIS GUEMRANY-REYES, also known as Luis Reyes, also known as Jose Luis Reyes, also known as Luis Jose Reyes, also known as Luis Guemrang, also known as Jose Luis Reyes Guemrang, also known as Luis Guemrany Reyes, also known as Jose Luis Bonilla Reyes, also known as Guemarang Luis, also known as Luis Guemrany,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-151-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Guemrany-Reyes appeals the 24-month, within-guidelines sentence imposed following the revocation of his supervised release. Guemrany-Reyes claims that the district court improperly considered the factors set forth in 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20612

U.S.C. § 3553(a)(2)(A).  He asserts that, contrary to *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), the seriousness of the underlying revocation offenses as well as the need to promote respect for the law were dominant factors in the court's sentencing decision.  We review a sentence of imprisonment imposed upon revocation of a term of supervised release under the "plainly unreasonable" standard.  *Id.* at 843.

At the revocation hearing, Guemrany-Reyes told the court that he intended to break the law again by illegally reentering: "[I]f I get deported again, I won't have any other choice but to come back here again."  The court recognized this statement of defiance prior to announcing the revocation sentence.  Guemrany-Reyes claims that the court's reference to his "defiance" makes clear that the court's dominant concern was promoting respect for the law.

The court never stated that its sentence was based on the need to promote respect for the law.  Guemrany-Reyes merely assumes that the court's perception of his defiant attitude means that it was a dominant factor.  This is insufficient, especially where the court's observation also implicates other permissible factors that a court must consider in selecting a revocation sentence, such as the need for deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B).  Guemrany-Reyes has failed to show that the need to promote respect for the law was a dominant factor in the court's sentencing decision.  *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014).

Guemrany-Reyes further argues that the district court's mere mentioning of the underlying revocation offenses—illegal reentry and attempted assault of a family member—demonstrates that the seriousness of those crimes was a dominant factor in the court's selection of a revocation sentence.  The district court's statements at the revocation hearing, however,

2

reflect that the court was primarily concerned with Guemrany-Reyes's history or recidivism and with sanctioning Guemrany-Reyes for his supervised release violations. It was permissible for the court to consider the nature of the criminal conduct underlying those violations in measuring the extent to which Guemrany-Reyes breached the court's trust. *See Miller*, 634 F.3d at 843; *United States v. Rivera*, 797 F.3d 307, 309 (5th Cir. 2015) (per curiam).

Because there is no evidence that the district court relied on an impermissible consideration as a dominant factor in imposing its revocation sentence, the court's judgment is AFFIRMED.