# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

IRVING ALEXANDER FLORES-FUENTES,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-64-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Irving Alexander Flores-Fuentes appeals the 24-month prison sentence he received upon the revocation of his supervised release, contending that it is substantively unreasonable. He argues that the district court improperly considered as an aggravating factor the leniency of the sentence he received for a new conviction that was based on the same conduct underlying his supervised release violation. The court, however, made no finding as to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11351

propriety of that sentence.  Instead, it explained that it based the revocation sentence on the need to address the conduct underlying the supervised release violation, to deter Flores-Fuentes from committing additional crimes, and to account for Flores-Fuentes's "extensive" criminal history, all of which were proper factors for the court to consider.  *See* 18 U.S.C. § 3553(a)(1), (2)(B); *see also United States v. Rivera*, 797 F.3d 307, 309 (5th Cir. 2015) (per curiam) (explaining that, in imposing a revocation sentence, the court is "punishing the defendant's breach of the court's trust," and that "'the nature of the conduct leading to the revocation [may] be considered in measuring the extent of the breach of trust'" (quoting U.S.S.G. ch. 7, pt. A, introductory cmt.)).

Flores-Fuentes has not demonstrated that the district court gave substantial weight to an irrelevant or improper factor or that it made a clear error in judgment in balancing the sentencing factors.  *See United States v. Winding*, 817 F.3d 910, 914 (5th Cir. 2016).  He has not overcome the presumption that his revocation sentence, which was within the range recommended by the guidelines policy statements, is reasonable, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (per curiam), and thus has not shown that the revocation sentence is plainly unreasonable, *see United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Accordingly, the district court's judgment is AFFIRMED.