# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2023

Lyle W. Cayce
Clerk

No. 22-10595

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTAIN COWAN FELDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-93-1

Before KING, SMITH, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Christain Felder was sentenced to twenty-four months in prison following the revocation of her term of supervised release ("SR"). She appeals the sentence, asserting that the district court reversibly erred by considering improper factors. We affirm.

Felder pleaded guilty of conspiracy to commit mail and wire fraud and aiding and abetting aggravated identity theft in violation of 18 U.S.C. §§ 1349

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10595

and 1028A, respectively. She was sentenced to seventy-five months in prison, followed by three years of SR, and $227,240.01 in restitution. Three conditions of her SR are relevant: (i) that she not commit another federal, state, or local crime; (ii) that, if arrested, she notify her probation officer of the arrest within seventy-two hours; and (iii) that she make monthly payments on any remaining restitution balance.

Almost two years into SR, the government claimed that Felder had violated the three conditions above.[1] It alleged that she violated the first condition by stealing at least $290,865.63 from Walmart, where she worked as a manager, and by fraudulently using or possessing identifying information (in this case, bank account information). Felder violated the second condition by not notifying her probation officer of her ensuing arrest for theft of property.[2] She violated the third condition by failing to make the required monthly payments toward restitution. The government concluded that the guideline imprisonment range was six to twelve months for the alleged violations.

At her revocation hearing, Felder admitted to violating the second and third conditions, but she denied committing the new crimes, which were also the subject of pending state charges. The government therefore presented testimony and evidence regarding the alleged theft and fraudulent use or possession of identifying information.

---

[1] The following facts reflect the government's allegations after amendments to its petition for a person under supervision.

[2] The original grounds for Felder's arrest were outstanding traffic warrants, but the arrest occurred after she was caught on tape apparently stealing cash from self-checkout registers. Felder consented to a police search of her vehicle, in which officers found $24,582.01 that she could not adequately account for. She was then arrested for theft of property.

The district court found that Felder had committed the two crimes and had to "face punishment for both of those crimes and the technical violations." It also characterized Felder as "kind of a lawless person" and her crimes as "aggravated" and "unforgivable." The court revoked SR and imposed a sentence of twenty-four months' imprisonment, the statutory maximum[3] and in excess of the six-to-twelve-month guideline range.

On appeal, Felder asserts that the district court reversibly erred by relying on an improper factor in imposing the revocation sentence—namely, the need to punish her for the crimes she had committed on SR. We review for plain error because Felder did not object on this ground in the district court. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020).

To prevail on plain error review, Felder must show an error that was clear or obvious and that affected her substantial rights. *See United States v. Stoglin*, 34 F.4th 415, 417 (5th Cir. 2022) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If she makes that showing, this court "has the discretion to correct the error but only if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

During a defendant's initial sentencing, the district court must consider, among other factors, the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Those factors, however, may not be considered when fashioning a revocation sentence under 18 U.S.C. § 3583(e). *See United States v. Sanchez*, 900 F.3d 678, 683–84 (5th Cir. 2018). A court therefore may not impose a revocation sentence based on a perceived need for the revocation sentence to reflect the seriousness of the

---

[3] *See* 18 U.S.C. § 3583(e)(3); *see also id.* §§ 1343, 1349.

SR violation, to promote respect for the law, or to provide just punishment for the SR violation. *Id.* Relying on an improper factor rises to the level of error when the "impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir.), *reh'g denied*, 797 F.3d 307 (5th Cir. 2015).

Even assuming *arguendo* that the district court plainly erred by letting the § 3553(a)(2)(A) considerations predominate, and further assuming that the error affected Felder's substantial rights, we must still decide whether to exercise our discretion to remedy the error. "[W]e look to 'the degree of the error and the particular facts of the case' to determine whether to exercise our discretion." *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (quoting *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012)).

Here, the degree of error is small, given that there is a "fine line" between punishing the offense constituting the SR violation—which is impermissible—and sanctioning the violation of the release condition itself as a "breach of the court's trust"—which is allowed. *Rivera*, 797 F.3d at 309. When imposing such a sanction, "the nature of the conduct leading to the revocation [may] be considered in measuring the extent of the breach of trust." *Id.* (alteration in original) (quoting U.S.S.G. ch. 7, pt. A(3)(b) (2014)). Deterrence and protecting the public against further crimes are permissible considerations in determining what sanction to impose after revocation. *See* 18 U.S.C. § 3583(e); *see also id.* § 3553(a)(2)(B)–(C).

Because similar conduct—possession or use of identifying information, fraud, and theft—underpinned both Felder's original offenses and her violations, and because her violations apparently resulted in even greater financial harm than did her original offenses, all of those permissible considerations are salient here and provide independent support for her revocation

sentence.

Viewed in this context, the district court's error, assuming there was one, did not seriously "impugn[] the fairness, integrity, or public reputation of the court system." *Rivera*, 784 F.3d at 1019. Accordingly, we decline to exercise our discretion to remedy any error.

The judgment is AFFIRMED.