# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

No. 12-40748

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DERRICK LAMONT WALKER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Derrick Lamont Walker appeals from his sentence of 24 months imprisonment followed by 24 months of supervised release for violating conditions of an earlier sentence of supervised release.  We affirm.

## I.

Walker pleaded guilty in July 2010 to one count of possession of material involving the sexual exploitation of minors and was sentenced to time served and seven years of supervised release.  The district court revoked Walker's supervised release in March 2011 based upon his admission that he had been terminated from sex offender treatment due to his disruptive behavior.  The district court sentenced him to three months in prison and an additional five years of supervised release.  Among the conditions of his supervised release

No. 12-40748

were that he (1) not associate with any convicted felons, (2) participate in a drug testing and treatment program, (3) not have contact with children under the age of 18 unless supervised by an adult approved by the probation officer, (4) not possess or view any images depicting sexually explicit conduct, and (5) abstain from the use of alcohol.

In July 2012, Walker admitted to violating each of the foregoing conditions. In exchange, the Government agreed to recommend that he be imprisoned for nine months, which constituted the top of the three to nine month Guidelines range, with no period of supervised release to follow. In accordance with the agreement of the parties, the magistrate judge recommended that Walker be sentenced to nine months of imprisonment with no subsequent period of supervised release.

The district court, however, advised Walker at the beginning of the revocation hearing that it was not inclined to follow the recommendation. The district court explained at length that it had been lenient in Walker's prior sentences and that Walker had violated his supervised release conditions repeatedly since January 2011. The district court stated that, in light of its previous leniency, "if you mess up, there is [sic] going to be consequences for it . . . . [I]t would be my intention to give you a somewhat longer sentence."

After Walker, through counsel, indicated that he still wished to proceed with his plea, the district court sentenced him to the statutory maximum of 24 months in prison. In so doing, the district court explained:

> I want to tell you I am doing this trying to help you. I think if you have a longer period of time in prison to think about [sic] and perhaps get some counseling, that when you get out, that you will realize that these are very serious matters; that you have to comply with them; and you don't have the choice of complying with them.

2

No. 12-40748

Although the district court initially sentenced Walker to an additional five-year period of supervised release, it ultimately reduced the term to two years of supervised release.  Walker timely filed a notice of appeal, arguing that the district court improperly considered his rehabilitative needs in violation of 18 U.S.C. § 3582(a) and *United States v. Garza*, 706 F.3d 655 (5th Cir. 2013).   The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II.

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard.[1]   However, because Walker did not object to the district court's reliance on rehabilitation as a sentencing factor, review is limited to plain error.[2]   To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.[3]   If those factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]   This court has held that the question whether an error is clear or obvious is answered based on the law at the time of appeal.[5]

The district court may impose any sentence that falls within the

---

[1] *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

[2] *See Garza*, 706 F.3d at 662.

[3] *Id.*

[4] *Id.*

[5] *Id.*

3

No. 12-40748

statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). In imposing a revocation sentence, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines.[6] In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held, in the context of an initial sentencing, that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." In *Garza*, this court held that the holding of *Tapia* applies with equal force to revocation sentences.[7]

A sentencing court is not precluded from referencing the rehabilitative opportunities available to a defendant during incarceration.[8] Post-*Tapia*, this court has concluded that if consideration of the need for rehabilitation is a "'secondary concern' or 'additional justification'" for a sentence, it is permissible.[9] Conversely, a sentencing court errs if a defendant's rehabilitative needs are "a 'dominant factor' . . . [that] inform[s] the district court's [sentencing] decision."[10]

Walker argues that the district court committed clear or obvious error as evidenced by its statements that it was "trying to help" Walker by giving him "a longer period of time in prison to think . . . and perhaps get some counseling." He further contends that the error affected his substantial rights and seriously affected the fairness of the proceedings because, just as in *Garza*—a case in

---

[6] 18 U.S.C. § 3583(e); *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).

[7] *Garza*, 706 F.3d at 657-59.

[8] *See Tapia*, 131 S. Ct. at 2392; *Garza*, 706 F.3d at 659.

[9] *Garza*, 706 F.3d at 660 (citation omitted).

[10] *Id.* (citation omitted).

which this court found plain error—the district court sentenced him to 24 months in prison despite that his Guidelines range was only three to nine months of imprisonment.

We disagree. This case is distinguishable from *Garza,* in which the district court focused almost exclusively on rehabilitation in crafting a sentence. There, the court stated that the defendant "should be required [or] at least be given an opportunity to participate in that residential institution drug treatment program," had a discussion on the record about the various treatment programs available under different sentences, and sentenced the defendant to 24 months imprisonment for purposes of entering an appropriate treatment program.[11] As the *Garza* court noted, "The court offered no additional justifications for the sentence it imposed."[12]

In this case, although the district court certainly took rehabilitation into account ("I think if you have a longer period of time in prison to think about [sic] and perhaps get some counseling . . . ."), it was at most a secondary concern or additional justification for the sentence, not a dominant factor.[13] The district court referred to rehabilitation only after detailing Walker's multiple violations of his conditions of supervised release after he had been given a relatively lenient sentence on the underlying crime. The district court concluded:

> I sentenced you in the first case. You are under my custody. And I think I told you then—I normally do when I give somebody the kind of break I gave you— that if you come back in front of me, you know, if you mess up, there is [sic] going to be consequences for it.

---

[11] *Id.* at 660-62.

[12] *Id.* at 662.

[13] *Id.* at 660.

No. 12-40748

> And so I am not inclined to sentence you to what has been worked out by your attorney.

> And I will be glad to hear anything you have to say, but it would be my intention to give you a somewhat longer sentence and a longer period of supervised release.

Thus, before the district court even mentioned rehabilitation, it had essentially addressed factors under 18 U.S.C. § 3553(a) which would fully support the sentence imposed, including "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] (B) to afford adequate deterrence to criminal conduct," § 3553(a)(2). Only later did the district court mention the possibility of rehabilitation, which did not constitute a dominant factor. In short, this case is distinguishable from *Garza*, and the district court did not plainly err in imposing this sentence.

III.

Accordingly, we affirm.