# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30215
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAREEL POINDEXTER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-289

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sareel Poindexter received a sentence of 24 months of imprisonment, above the advisory guidelines range, after pleading true to technical violations of his supervised release. On appeal, he seeks summary disposition on his assertion that his sentence is procedurally unreasonable. Poindexter challenges this court's standard of review, asserting that a defendant should not be required to show that an error by the district court in sentencing was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30215

obvious under the existing law. He concedes, however, that this assertion is foreclosed by circuit precedent and seeks to preserve the issue for further review. *See United States v. Warren*, 720 F.3d 321, 332 n.2 (5th Cir. 2013). In addition, Poindexter maintains that his revocation sentence is substantively unreasonable because the district court afforded too much weight to his nonviolent technical release violations and did not give sufficient weight to his successful employment record while on release or to the advisory guidelines range.

We reject Poindexter's request for summary disposition because his substantive reasonableness challenge implicates a fact-specific analysis of his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994). While some of Poindexter's arguments are foreclosed by circuit precedent, his challenge to the weight given to the 18 U.S.C. § 3553(a) factors is not so clearly foreclosed as to warrant summary disposition. *See Gall*, 552 U.S. at 51.

Because Poindexter did not challenge his sentence on this basis in the district court, we review his substantive unreasonableness argument for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). An individual seeking relief under this standard must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has the discretion to correct such an error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The record indicates that the district court properly considered the sentencing factors applicable in the revocation context under 18 U.S.C. § 3553(a), including the nature and circumstances of Poindexter's violations of his supervised release, his personal history and characteristics, and the need

No. 15-30215

to deter future criminal conduct.  These factors were proper considerations under § 3553(a)(1) and (a)(2)(B) and under 18 U.S.C. § 3583(e).  Even if the district court's statements at sentencing indicate that the court improperly considered Poindexter's lack of respect for the law, a review of the record as a whole indicates that this was a secondary consideration.  *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014).  Further, Poindexter has not demonstrated a reasonable probability that he would have received a lesser sentence but for any error by the district court.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

This court has routinely upheld sentencing following revocation that, as here, exceed the guidelines policy statement range but are within the statutory maximum.  *See Warren*, 720 F.3d at 332.  Poindexter has not shown that his 24-month prison sentence is plainly unreasonable.  *See id.*; *Whitelaw*, 580 F.3d at 265.  Accordingly, the judgment of the district court is AFFIRMED.  Poindexter's motion for summary disposition is DENIED.  The alternative motion for an extension of time to file a brief is DENIED as unnecessary.