# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2015

Lyle W. Cayce
Clerk

No. 14-41329
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AURELIO ZARATE-LOPEZ,

Defendant-Appellant.

cons. w/ No. 14-41330

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AURELIO ZARATE,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-819-1
USDC No. 5:09-CR-108-1

No. 14-41329 c/w
No. 14-41330

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Following his arrest for unlawful restraint, the district court revoked Aurelio Zarate-Lopez's (Zarate's) two terms of supervised release, both of which were imposed following his conviction for unlawful transportation of undocumented aliens. The district court sentenced Zarate to a term of imprisonment of 24 months with no term of supervised release to follow in the first case and to a term of imprisonment of six months to be followed by a term of supervised release of 30 months in the second case. The district court ordered the sentences to be served consecutively. Zarate challenges the sentences imposed on the grounds that the district court reversibly erred in finding that he committed the Texas offense of attempted kidnapping, which resulted in a procedurally unreasonable non-guidelines sentence and violated his right to due process, and plainly erred in basing his sentence upon the need for just punishment and his need for rehabilitative mental health treatment.

If a district court finds by a preponderance of the evidence that the defendant has violated a condition of supervised release, the court "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence." *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008); *see* 18 U.S.C. § 3583(e)(3). In doing so, the district court is directed to consider the relevant factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines. *See* 18 U.S.C. § 3583(e); *United States v. Walker*, 742 F.3d 614, 616-17 (5th Cir. 2014).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41329 c/w
No. 14-41330

Sentences imposed upon the revocation of supervised release are reviewed under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under this standard, the court first evaluates whether the district court procedurally erred and then reviews the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Id.* (citing *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)). A district court procedurally errs when it bases a sentence on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A factual finding is clearly erroneous if it is implausible in light of the record read as a whole. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

However, when a defendant fails to alert the district court to the specific alleged error he raises on appeal, this court reviews for plain error only. *See See United States v. Duhon*, 541 F.3d 391, 396-97 (5th Cir. 2008). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In Texas, the offense of kidnapping has two elements: (1) restraint; and (2) intent to prevent liberation by secretion or deadly force. *See Brimage v. State*, 918 S.W.2d 466, 475-76 (Tex. Crim. App. 1994). Zarate does not contest restraint, and viewing the evidence in the light most favorable to the Government, the court implicitly found that Zarate intended to move the victim to a place where she could not be seen and isolate her from anyone who could be of assistance for the purpose of sexually assaulting her, which is sufficient to establish the specific intent to prevent liberation. *See Laster v. State*, 275 S.W.3d 512, 522-23 (Tex. Crim. App. 2009).

No. 14-41329 c/w
No. 14-41330

A district court may not lengthen a prison sentence imposed upon the revocation of supervised release to provide just punishment for the offense or to promote rehabilitation. *See United States v. Garza*, 706 F.3d 655, 657 (5th Cir. 2013); *Miller*, 634 F.3d at 844. But no error occurs if the impermissible factors constitute only a "secondary concern" or "additional justification" for the sentence selected by the district court. *Walker*, 742 F.3d at 616-17 (internal quotation marks and citation omitted). Here, the district court referenced just punishment and the need for the sentence "to be long enough as well so he can receive mental health treatment in custody" as reasons for the sentence imposed. Thus, the district court erred if those factors affected its determination of the sentence to be imposed, as Zarate argues on appeal. However, the district court also highlighted Zarate's history of recidivism and assaultive behavior and the need to protect the public and deter similar assaults. Thus, it is equally possible that the district court considered the need for just punishment and rehabilitation as additional justifications to Zarate's history and characteristics and the need for incapacitation and deterrence. *See United States v. Nava*, 762 F.3d 451, 454 (5th Cir. 2014). Because Zarate cannot unambiguously demonstrate that the district court lengthened his sentence on the basis of the challenged factors, this claim cannot survive plain error review. *See United States v. Miller*, 406 F.3d 323, 336 (5th Cir. 2005).

AFFIRMED.