# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER P. SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-311-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher P. Smith appeals the sentence imposed following the revocation of his supervised release. Smith argues that he is entitled to re-sentencing on the ground that the district court stated, in response to his objection to his above-guideline revocation sentence, that the sentence was not an "upward variance." He further argues that in imposing the 32-month sentence, the district court improperly considered the factors set forth in 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30611

U.S.C. § 3553(a)(2)(A), that is, "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

Ordinarily, this court reviews a sentence of imprisonment imposed upon revocation of a term of supervised release under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 843, 843 (5th Cir. 2011). Where a defendant objects to his revocation sentence for the first time on appeal, however, review is for plain error. *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). Smith sufficiently preserved his first issue through his specific objection to the upward variance at the revocation hearing; therefore, the "plainly unreasonable" standard applies. *See Miller*, 634 F.3d at 843. While Smith raised a general objection to the reasonableness of his sentence, he did not specifically object on the ground that the district court had premised his sentence on an improper consideration. As such, review of Smith's second issue is for plain error only. *See Walker*, 742 F.3d at 616.

Smith argues that the court erred in failing to recognize that its revocation sentence was an "upward variance" and that this error affected its selection of the 32-month sentence. The record confirms, however, that the district court was aware of both the range mandated by statute and the advisory range recommended by the policy statements contained in Chapter 7 of the United States Sentencing Guidelines. After imposing the sentence and in direct response to defense counsel's objection to the "upward variance," the district court stated that the 32-month sentence imposed was "beneath the amount that could be for the statutory sentence," and "[a]s to the guidelines, they are merely advisory, and the [c]ourt is not bound by them." While it is true the court, in that same remark, incorrectly noted that the sentence "[was] not an upward variance," the court's many comments throughout the hearing

2

confirm it was aware of two salient points: that the non-binding advisory guideline range was 4 to 10 months, and that the maximum statutory range was 36 months. Therefore, even if the court somehow failed to appreciate that a sentence of 32 months was an upward variance from the guideline range of 4 to 10 months, Smith cannot establish that the sentence imposed was plainly unreasonable. *See Miller*, 634 F.3d at 843.

For the first time on appeal, Smith contends that in imposing the 32-month sentence, the district court improperly considered the factors set forth in § 3553(a)(2)(A). Specifically, Smith argues that the court improperly considered the need to promote respect for the law in imposing the upwardly varying sentence. He further argues that the court's perception that Smith "had a lack of respect for the court" improperly influenced the court's sentencing decision. The district court's extensive statement of reasons, however, confirms that the court permissibly based its sentence on the need to deter future violations and to protect the public.

The clearest proof that the district court did not impermissibly consider the factors contained in § 3553(a)(2)(A) is the district court's express acknowledgment of the restrictions in *Miller*. Other portions of the record also confirm that the sentence was based on the need to address Smith's tendency towards recidivism and the risk his continuing offenses posed to the public. The district court did not improperly rely upon the need to promote respect for the law in sentencing Smith or on any perception that Smith has disrespected the court by violating the terms of his supervised release.

Based on the foregoing, the judgment of the district court is AFFIRMED.