# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELOUS JACOLBI TUCKER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-63-1

Before  KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcelous Jacolbi Tucker appeals the 24-month prison sentence that he received upon the revocation of his supervised release.  He contends that the revocation sentence is procedurally and substantively unreasonable, arguing that the district court impermissibly based it on the need to provide just punishment for the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20346

Because Tucker did not object that the district court relied on an improper factor, our review of the procedural reasonableness of the revocation sentence is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). In announcing the revocation sentence, the district court mentioned the need to punish Tucker among the factors it considered. A court may not rely on the need for a revocation sentence to provide just punishment for the offense. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). However, to the extent that the court relied in part on an improper factor, *cf. United States v. Rivera*, 797 F.3d 307, 309 (5th Cir. 2015), it was not the dominant factor, *see United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). The other, permissible factors that the court considered, including the sentencing worksheet, the guidelines policy statements, and the need for incapacitation and deterrence, would have supported the revocation sentence. *See id.* at 617. Accordingly, the court committed no clear or obvious error. *See id.* at 616.

As for Tucker's argument that the revocation sentence was substantively unreasonable, he has not overcome the presumption that his prison term, which was recommended by the guidelines policy statements, is reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). The district court considered several factors in choosing an appropriate revocation sentence and did not give significant weight to an irrelevant or improper factor. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The district court's judgment is AFFIRMED.