# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11595
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA ISABEL REYNA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-363-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Maria Isabel Reyna appeals the sentence imposed upon the revocation of supervised release. The district court sentenced her above the guidelines range to 24 months of imprisonment, which was the statutory maximum. Reyna argues that the sentence is substantively unreasonable because the district court sentenced her based in part on improper consideration of her support of a man in prison. According to Reyna, such a consideration fell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

outside the applicable sentencing factors under 18 U.S.C. § 3553(a) and constitutes reversible plain error in light of *United States v. Chandler*, 732 F.3d 434, 437-40 (5th Cir. 2013).

Plain error review applies to Reyna's argument because she did not object to the substantive reasonableness of her sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). An upward variance is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Chandler*, 732 F.3d at 437 (internal quotation marks and citation omitted). "[A] sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Reyna has not shown that the district court erred by sentencing her based on an improper factor. The court raised Reyna's ongoing relationship to the man as one of the reasons that she failed to comply with her conditions of supervised release. Additionally, while the district court made two comments about Reyna's relationship to the man, the district court's main focus in sentencing Reyna was the nature and circumstances of her supervised release violations and the fact that she was not deterred by the two-month sentence she received for her prior revocation of supervised release.

Unlike *Chandler*, where an irrelevant and improper factor was the district court's primary reason for imposing an upward variance, the district court's comments here do not show that Reyna's relationship to the man, if it was a factor at all in the sentence, was anything more than a secondary concern

No. 16-11595

or additional justification for the upward variance.  *See Rivera*, 784 F.3d at 1017; *United States v. Walker*, 742 F.3d 614, 617 (5th Cir. 2014).

In her reply brief, Reyna presents the additional argument that the district court's information about her relationship with the man should not have been considered because the defense was not given notice of such information before the revocation hearing.  We do not consider this argument because it is raised for the first time in Reyna's reply brief.  *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

AFFIRMED.