# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

RICHARD CHARLES MARCEL,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-270-1

Before DENNIS, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Richard Charles Marcel appeals the 24-month sentence imposed after his third revocation of supervised release. The sentence was the statutory maximum and 15 months above the advisory guidelines range.

Marcel argues that the district court imposed a procedurally unreasonable revocation sentence because it considered the improper factor of punishment when sentencing him. We typically will uphold a revocation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10150

sentence as long as it is not plainly unreasonable. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Marcel did not object that the district court relied on an improper factor, we review this claim for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To succeed under this standard, Marcel must show a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See id.*

To the extent that the district court impermissibly referenced punishment, the remark, standing alone, does not establish plain error. *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). The court mentioned the factor only once and did not engage in a lengthy or repeated discussion of the need to provide just punishment for the offense. Further, it took into account other factors, including deterrence and protection of the public, both of which were appropriate considerations. *See Miller*, 634 F.3d at 844; 18 U.S.C. § 3553(a)(2)(B), (C); 18 U.S.C. § 3583(e)(3). Just punishment for the offense was not a dominant factor in the court's decision to impose the 24-month revocation sentence, *see Walker*, 742 F.3d at 616, and, thus, the district court did not commit a clear or obvious procedural error, *see Puckett*, 556 U.S. at 135.

Marcel also argues that the district court imposed a substantively unreasonable sentence because it was more than twice the advisory guidelines range of imprisonment and contends that the facts and circumstances of his case do not justify the sentence.

We review the substantive reasonableness of a challenged sentence for abuse of discretion. *United States v. Winding*, 817 F.3d 910, 913 (5th Cir.

No. 18-10150

2016).  A revocation sentence is substantively unreasonable if the district court did not take into account a factor that was entitled to significant weight, gave significant weight to factors that were irrelevant or improper, or made a clear error in judgment when balancing sentencing factors.  *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The district court implicitly considered the Chapter Seven policy statements as well as Marcel's mitigation arguments and ultimately concluded that the 24-month sentence was necessary to provide adequate deterrence and to protect the public from future crimes—factors that were appropriate for the district court to consider in imposing the revocation sentence and which we will not reweigh.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also* § 3583(e).  As for the length of the sentence, we have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum."  *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted).  Marcel has not shown that his revocation sentence is substantively unreasonable.  *See id*.

AFFIRMED.