# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50898

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERON PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-649-1

Before JONES, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Heron Peña appeals his statutory-maximum sentence of twenty-four months, which was imposed following the revocation of his supervised release. For the first time on appeal, he argues the district court erred in two ways. First, he claims the district court based his sentence on unsupported allegations. Second, the district court imposed an above-guidelines revocation sentence, which Peña argues it did not sufficiently explain. We reject these arguments and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50898

In 2012, Peña pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to sixty months' imprisonment and three years' supervised release. He began serving his term of supervised release in April 2016.

From May 2016 through March 2017, Peña's probation officer filed several reports of Peña's noncompliance with the terms of his supervised release. The officer reported that Peña threatened a psychiatrist, failed to take prescribed medications, became aggressive with a work supervisor, used methamphetamine, failed to pay a twenty-five-dollar special assessment, failed to maintain steady employment, and failed to attend a cognitive life-skills program. After the third report of noncompliance, the district court ordered a revocation hearing.

At the March revocation hearing, the district court described those allegations to Peña and asked him, "Are those facts true?" Peña responded, "Yes, sir." Despite Peña's many violations, the district court used its discretion to give him another opportunity and returned him to supervised release.

Peña again violated the terms of his supervised release. The probation officer reported that Peña failed a drug test, submitted a diluted drug test, failed to complete the cognitive life-skills program, failed to work regularly at a lawful occupation, and failed to pay the twenty-five-dollar special assessment. The district court set another revocation hearing for September.

At the September 2017 revocation hearing, Peña was informed of similar allegations to those in the March 2017. This time, he equivocated on the allegations that he threatened anyone and failed to complete the cognitive life-skills program. The district court found him in violation of the terms of his supervised release and sentenced him above the recommended guidelines

range to the statutory maximum of twenty-four months.  Now, for the first time on appeal, Peña argues that the sentence was erroneous.

Because Peña did not object in the district court, review is only for plain error.  *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014).  To show plain error, Peña must identify an error that was clear or obvious and affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration in original) (internal quotation marks and citation omitted).

Peña has not shown that the district court relied on unsupported allegations.  The record shows that the district court based the revocation sentence on Peña's current supervised release violations, as well as his history of noncompliance on supervised release.  *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).  Peña argues that decision was error because the district court could not rely on admissions from the March revocation hearing during the September revocation hearing.  Peña offers no authority for the proposition that a judge cannot rely on a defendant's own admissions in the same case, on the same issue, just because they were made earlier in the year. Thus, any purported error in doing so cannot be plain.  *See United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (noting that plain error must be "clear or obvious, rather than subject to reasonable dispute"); *United States v. Lucas*, 849 F.3d 638, 645 (5th Cir. 2017) ("An error is not plain under current law if a defendant's theory requires the extension of precedent." (internal quotation marks omitted) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010))).

Peña has also failed to show that the district court failed to explain the above-guidelines sentence.  The district court reviewed Peña's supervised

No. 17-50898

release history and noted that Peña returned to prison twice because he was aggressive and would not follow instructions, that Peña had been given three chances with different programs, and that he had not shown any improvement over the course of his supervised release. The district court further stated that Peña had "earned" the twenty-four-month, above-guidelines sentence. The district court's reasons were adequate in view of the record as a whole. *See Rita v. United States*, 551 U.S. 338, 356–58 (2007). Thus, Peña has not shown any error, much less clear or obvious error. Further, Peña has not shown that any supposed error affected his substantial rights. *See United States v. Whitelaw*, 580 F.3d 256, 262–65 (5th Cir. 2009).

AFFIRMED.