# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 18-50954
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA CHRISTOPHER CHILDS,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2019

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-132-1

_____

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Joshua Christopher Childs appeals the 24-month sentence imposed after the second revocation of his term of supervised release. The sentence imposed exceeded the advisory guidelines range and was the statutory maximum.

Childs argues that his revocation sentence is unreasonable. He contends that the district court impermissibly considered factors set forth in 18 U.S.C. § 3553(a)(2)(A) in selecting the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50954

A district court imposing sentence in connection with a revocation under 18 U.S.C. § 3583(e) is directed to consider the sentencing factors delineated in § 3553(a), but may not primarily rely on the § 3553(a)(2)(A) factors. *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). If the revocation is mandatory under § 3583(g), which does not direct the court as to the use of the § 3553(a) factors in selecting a revocation sentence, § 3583(g), the district court may consider the factors set forth in § 3553(a), but need not do so, *see United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Here, the factual basis underlying the revocation included an admission by Childs that he used cocaine. Because he conceded that he used cocaine, he also implicitly admitted possession of the drug. *See United States v. Courtney*, 979 F.2d 45, 49 (5th Cir. 1992). He thus violated the mandatory condition of his supervised release that prohibited the unlawful possession of a controlled substance and, therefore, was subject to mandatory revocation under § 3583(g). § 3583(g); *see Illies*, 805 F.3d at 609; *United States v. Headrick*, 963 F.2d 777, 779 (5th Cir. 1992). The district court could thereby consider a § 3553(a)(2)(A) factor. *See Illies*, 805 F.3d at 609.

In any event, the record does not reflect that the district court principally considered § 3553(a)(2)(A) in imposing sentence. *See Walker*, 742 F.3d at 616. The district court did not explicitly refer to any § 3553(a)(2)(A) factor, and the record supports that the court instead primarily – and properly – intended to sanction Childs's repeated noncompliance with the terms of his supervision, his breach of the court's trust, his tendency towards recidivism, his failure to take advantage of the favorable sentence imposed at his original revocation, and his likelihood to reoffend. *See United States v. Rivera*, 797 F.3d 307, 308-09 (5th Cir. 2015). The district court otherwise relied on proper § 3553(a)

2

factors, including Childs's history and characteristics, the need to deter criminal conduct, and the duty to protect the public from additional crimes. Even if the district court's remarks could be viewed as implicating a § 3553(a)(2)(A) factor, that factor, at most, was a secondary concern or an additional justification for the sentence instead of a predominant consideration. *See Walker*, 742 F.3d at 617.

Given the foregoing, Childs has not shown that the district court erred when imposing sentence. *See Whitelaw*, 580 F.3d at 260. Therefore, the judgment of the district court is AFFIRMED.