# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2022

Lyle W. Cayce
Clerk

No. 21-10836

United States of America,

*Plaintiff—Appellee*,

*versus*

Brittany Ann Huckaby,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-180-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Brittany Ann Huckaby appeals the substantive reasonableness of her 24-month revocation sentence. She preserved the issue for appeal by arguing for a sentence within the policy statement range. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10836

Preserved challenges to revocation sentences are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We first evaluate whether the district court committed a significant procedural error and then consider the substantive reasonableness of the sentence under an abuse-of-discretion standard, "examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013) (citation omitted). "A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 332 (internal quotation marks and citation omitted).

We conclude that Huckaby's revocation sentence does not give weight to an improper factor. The record does not show that rehabilitation was a dominant factor, if any, in the sentence imposed. *See id.*; *see also United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). The district court's judgment is AFFIRMED.