# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2022

Lyle W. Cayce
Clerk

No. 21-50342
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO RODRIGUEZ-BANDA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-541-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Juan Antonio Rodriguez-Banda appeals the 18-month sentence imposed following the revocation of his supervised release. Rodriguez-Banda contends that his revocation sentence was plainly unreasonable because the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50342

district court relied upon an improper sentencing factor, namely, the need to promote respect for the law.

This court typically reviews a challenge to a revocation sentence under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Rodriguez-Banda concedes, however, that he failed to object to his revocation sentence in the district court. An unpreserved claim of sentencing error is reviewed for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail under the plain error standard, Rodriguez-Banda must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court's initial statement about respect for the law when discussing its overall sentencing goals was made in addition to two other sentencing factors that the court stated it also would consider. *See United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). The district court's concern with Rodriguez-Banda's criminal history, particularly his repeated illegal reentry offenses, demonstrated proper consideration of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for a sentence to afford adequate deterrence. *See Miller*, 634 F.3d at 844. Moreover, the court's statements about respecting the law and warning Rodriguez-Banda to not violate the law again, when taken into context, can be interpreted as sanctioning Rodriguez-Banda for his pattern of noncompliance with the terms of his supervised release and his breach of the court's trust and as reflecting the need to deter him from similar future conduct. These are permissible considerations in a revocation hearing. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B); *see also United States v. Warren*, 720 F.3d 321, 329 (5th Cir. 2013).

Further, Rodriguez-Banda wholly failed to show that consideration, if any, of promoting "respect for the law" affected his substantial rights. Rodriguez-Banda therefore has not shown that the district court's imposition of the revocation sentence constituted plain error. *See Puckett*, 556 U.S. at 135; *United States v. Walker*, 742 F.3d 614, 617 (5th Cir. 2014).

AFFIRMED.