# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40839

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Bradley Jeremiah Bolden,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-614-1

_____

Before Haynes and Engelhardt, *Circuit Judges*, and deGravelles, *District Judge*.[1]

Per Curiam:[*]

Appellant Bradley Jeremiah Bolden ("Bolden") appeals the district court's revocation sentence. For the reasons explained below, we AFFIRM the district court's sentence.

---

[1] United States District Judge for the Middle District of Louisiana, sitting by designation.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5. Judge Haynes concurs in the judgment only.

No. 22-40839

## I. Background

In 2021, Bolden pleaded guilty to conspiracy to transport and move within the United States an alien who had come to, entered, and remained in the United States in violation of law. Bolden was sentenced to five months of imprisonment, to be followed by three years of supervised release. Bolden did not appeal his conviction or sentence. He began serving his supervised release on August 6, 2021.

In October 2021, the probation officer filed a report indicating that Bolden submitted a urine sample that tested positive for marijuana. The probation officer recommended that Bolden continue on supervised release, as she warned Bolden that further noncompliance could result in revocation proceedings and the district court could address the violation at a later date. The district court concurred with the probation officer's recommendation.

In July 2022, Bolden's new probation officer submitted a petition for a warrant or summons, alleging that Bolden violated the terms of his supervised release. The probation officer recommended that his supervised release be revoked. The district court ordered the issuance of a warrant and no bond. Bolden was arrested on November 1, 2022.

In December 2022, the probation officer submitted a superseding petition for warrant or summons and recommended that Bolden's supervised release be revoked. The superseding petition alleged that Bolden violated the terms of his supervised release by (1) testing positive for marijuana; (2) failing "to submit to urine surveillance"; (3) failing to participate in drug and alcohol treatment, as directed, by failing to submit to drug tests; (4) failing to participate in mental health treatment, as directed; (5) failing to contact his assigned probation officer as instructed; (6) failing to report to the U.S. Probation Office as instructed by his probation officer; (7) failing to notify his probation officer prior to his change in employment; (8) "leaving the judicial

district without permission"; (9) failing to notify his probation officer within 72 hours of arrest; and (10) failing to pay the $100 special assessment.

At the revocation hearing, Bolden pleaded true to leaving the judicial district without permission (allegation 8) and failing to make any payments towards the $100 special assessment (allegation 10). The Government moved to dismiss the remaining 8 allegations. The Government argued that an upward variance "well above the recommended [guidelines] range" was appropriate. It argued that Bolden engaged in "countless supervised release violations." It maintained that his supervised release violations were "well outside the norm" because of his "ongoing conduct from the time of his release" and "in particular, his vulgar and just plain rude behavior toward the Probation Officer." The Government pointed out that Bolden's original sentence was "quite low[,]" as he received a below-guidelines sentence of only five months. It argued that Bolden had "yet to receive a sentence which has effectively taught him respect for the law."

In response, Bolden, through counsel, asked for a sentence of time served with the termination of supervised release so that he could "get back to his family and save his business." He noted that he had been detained almost two months. In the alternative, Bolden asked that his term of supervised release term "continue until it was originally set to expire." He emphasized his lack of criminal history and noted that he is not one "well versed in navigating" supervised release requirements. Bolden also highlighted that his supervised release violations were technical in nature.

The district court stated that it reviewed Bolden's file carefully, as well as the letters from Bolden's family and friends. The district court expressed that it "[did]n't quite get it[,]" noting that Bolden was 29 years old, knew what he needed to be doing, "[b]ut for whatever reason, [he] decided that [he] just [was]n't going to do it." The district court highlighted

that Bolden was convicted of "a very serious offense" that had consequences, including compliance with the conditions of supervised release. The district court told Bolden that he needed to comply with the imposed conditions of supervised release, as they were part of his sentence.

The district court stated that "a sentence at the top end of the Guideline [wa]s warranted in this case due to the characteristics of the Defendant and to promote respect for the law." It sentenced Bolden at the high-end of the guidelines range, to nine months of imprisonment, to be followed by 27 months of supervised release. The district court noted that the revocation sentence "addresse[d] the sentencing objectives in accordance with 18 U.S.C. § 3553(a)." Bolden objected to the district "[c]ourt's consideration of the need to promote respect for the law in evaluating his sentence under 18 U.S.C. 3583(c)." Bolden's attorney explained that "[t]he need to promote respect for the law is not one of the factors to be considered in deciding supervised release terms[,]" stating that he "just note[d] that for the record." In response, the district court stated "[g]reat" and moved on. Bolden timely filed a notice of appeal.

## II. Legal Standard

We review a sentence imposed on revocation of supervised release under a "plainly unreasonable" standard, in a two-step process. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). First, we "ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir.2012) (internal quotation marks omitted). "If the district court's sentencing decision lacks procedural error, this court next considers the substantive reasonableness of the sentence

imposed." *Id.* If we find the sentence unreasonable, we may reverse the district court only if we further determine "the error was obvious under existing law." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Where, as here, the appellant argues that the district court's consideration of an improper factor in crafting a revocation sentence is both a procedural and substantive error, this court need not distinguish between the two in its analysis. *See United States v. Sanchez*, 900 F.3d 678, 683 (5th Cir. 2018). "[A] sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citing *United States v. Walker*, 742 F.3d 614, 616 (5th Cir.2014)).

### III. Discussion

Bolden argues that his sentence is procedurally and substantively unreasonable because the district court considered the need to promote respect for the law in determining its sentence. However, the supervised release hearing transcript makes plain that the district court was primarily focused on other factors, namely, Bolden's many alleged violations of his supervised release including (1) testing positive for marijuana; (2) failing "to submit to urine surveillance"; (3) failing to participate in drug and alcohol treatment, as directed, by failing to submit to drug tests; (4) failing to participate in mental health treatment, as directed; (5) failing to contact his assigned probation officer as instructed; (6) failing to report to the U.S. Probation Office as instructed by his probation officer; (7) failing to notify his probation officer prior to his change in employment; (8) "leaving the judicial district without permission"; (9) failing to notify his probation officer within 72 hours of arrest; and (10) failing to pay the $100 special assessment; as well as his rude behavior towards his probation officer. Read in context, "respect for the law" was "an additional justification" for Bolden's sentence, not a

"dominant factor." *Rivera*, 784 F.3d at 1017. The court's statement demonstrates that the court was primarily frustrated with Bolden's pattern of noncompliance with the terms of his supervised release and chose the sentence to afford adequate deterrence and sanction Bolden for his breach of the court's trust. These are permissible considerations in a revocation hearing. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B); *United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020) (explaining "[a] sentence imposed on revocation of supervised release punishes a breach of trust for violating the conditions of supervision"(citation omitted)); U.S.S.G. Ch. 7, Pt. A, intro. comment 3(b) (U.S. Sentencing Comm'n 2014) (explaining when imposing revocation sentence, court primarily sanctions defendant's breach of trust).

For the reasons stated above, we hold that the dominant factor motivating the district court's sentencing decision was Bolden's multiple violations of his supervised release. We acknowledge that, at a single point in the record, the district court mentioned Bolden's lack of respect for the law. But having reviewed the record in its entirety, we cannot say that this singular mention constituted a dominant factor in the district court's analysis given the alleged violations, the testimony of his probation officer, Bolden's allocution, and the district court's statements. Accordingly, Bolden has not demonstrated a sentencing error, plain or otherwise.

## IV. Conclusion

Accordingly, we AFFIRM the district court's sentence.