# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-60041
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREGORY L. RANDLE,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-82-1

———————————————————————

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Gregory L. Randle was convicted in 2021 for using an interstate facility to promote prostitution, in violation of 18 U.S.C. § 1952(a)(3). He was released on supervision in March 2021. At revocation proceedings in January 2023, Randle admitted he violated three conditions of release, including committing other crimes. He challenges his within-Guidelines-

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

policy-statement-range revocation sentence of 12-months' imprisonment and 12-months' supervised release as substantively unreasonable. (Randle was convicted in the Southern District of California; jurisdiction for his supervision was transferred to the Southern District of Mississippi.)

The "plainly unreasonable" standard governs our court's review of a revocation sentence. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). To prevail on a substantive-reasonableness challenge, defendant must show the sentence was not only an abuse of discretion but also "the error was obvious under existing law". *Id.* "[T]hat the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court". *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citation omitted).

When imposing a revocation sentence under 18 U.S.C. § 3583(e), the district court must consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e)(3). The court "may consider the § 3553(a) factors . . . , but is not required to do so", when imposing a sentence in connection with a mandatory revocation under § 3583(g). *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

Randle asserts that § 3553(a) factors—including, the nonviolent nature of the violations, his strong family ties, his pursuit of education, and the length of the sentence for his new substantive offenses—mitigate against a consecutive 12-month prison sentence. He also contends the court lengthened his prison term to promote his rehabilitation in violation of *Tapia v. United States*, 564 U.S. 319, 321, 334–35 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation".).

Regarding his claimed *Tapia* violation, although the district court noted Randle had a history of using illegal drugs and ordered him to participate in drug treatment as a condition of his supervised release, these references to Randle's drug use related both to his history and characteristics and his potential threat to the public. These are permissible factors for the district court to consider. *E.g.*, *United States v. Rodriguez-Saldana*, 957 F.3d 576, 579–80 (5th Cir. 2020) (explaining our court has found *Tapia* error where court makes statements directly connecting need for prison sentence with need for rehabilitation or treatment). Randle fails to show that the need for rehabilitation was a "dominant factor" in his prison sentence. *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014) (citation omitted).

Further, even accepting Randle's assertion that the court was required to consider the relevant § 3553(a) factors for purposes of mitigation, he does not show that the court: failed to account for a factor that should have received significant weight; gave weight to an improper factor; or clearly erred in balancing the sentencing factors. *E.g.*, *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020).

Randle additionally maintains his sentence was unreasonable because the district court imposed the revocation sentence to run consecutively to the sentence imposed for his new convictions. The imposition of consecutive sentences is within the discretion of the court and is recommended by the Guidelines policy statements. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f), p.s. & cmt. n.4 (providing that any prison term imposed upon revocation shall be ordered to be served consecutively to any prison term defendant is serving).

AFFIRMED.