# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2024

Lyle W. Cayce
Clerk

No. 23-60264

United States of America,

*Plaintiff—Appellee,*

*versus*

John Pedelahore,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-24-1

---

Before King, Jones, and Oldham, *Circuit Judges.*

Per Curiam:[*]

John Pedelahore appeals the district court's revocation of his supervised release and imposition of a sentence of thirty months of imprisonment followed by eight years of supervised release. Pedelahore's supervision was revoked after he violated the conditions prohibiting him from using internet-capable devices without prior permission and requiring him to truthfully answer his probation officer's inquiries. He contends that

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60264

his resulting sentence is substantively unreasonable because he committed only technical violations of the supervision conditions and did not attempt to access any illegal content online. He further contends that a custodial sentence is ineffective for reducing criminality and not in line with the purpose of rehabilitation.[1]

---

[1] As part of Pedelahore's supervised release, the district court imposed multiple special conditions, including, *inter alia*, the conditions that Pedelahore (1) may not use any Internet-capable device, unless granted permission in advance by his probation officer, (2) may not access any computers or other forms of wireless communications via third parties, and (3) may not obtain or maintain any employment where he has access to any Internet-capable devices, unless granted permission in advance by his probation officer. This circuit's jurisprudence has made it clear that restrictions on the use of computers or the Internet must be "narrowly tailored either by scope or by duration" as to not preclude a defendant "from meaningfully participating in modern society." *United States v. Duke*, 788 F.3d 392, 399–400 (5th Cir. 2015); *see, e.g., United States v. Naidoo*, 995 F.3d 367, 384 (5th Cir. 2021); *United States v. Sealed Juvenile*, 781 F.3d 747, 757 (5th Cir. 2015). Even in cases where restrictions have been narrowed by permitting access when the defendant obtains the prior approval of the probation officer, such approval must still be applied "in such a way as to give defendants meaningful access to computers or the Internet." *United States v. Becerra*, 835 F. App'x 751, 756 (5th Cir. 2021) (citing *Sealed Juvenile*, 781 F.3d at 756–57); *see also United States v. Clark*, 784 F. App'x 190, 193–94 (5th Cir. 2019) (finding unreasonable a condition requiring the defendant to request approval every time he sought to use a computer or access the Internet); *Naidoo*, 995 F.3d at 384 (affirming condition "subject to [the court's] interpretation that individual approval is not required every single time [the defendant] must use a computer or access the Internet").

Here, Pedelahore does not argue, either below or on appeal, that any of the special conditions imposed upon him are, in and of themselves, unreasonable. Instead, Pedelahore only argues that the district court "failed to account for mitigating factors that should have received significant weight and erred in balancing the statutory sentencing factors," such that it led to a sentence that is "greater than necessary." As such, we consider any such argument challenging the reasonableness of the individual conditions of supervised release waived. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *United States v. Brace*, 145 F.3d 247, 255–56 (5th Cir. 1998) ("It goes without saying that we are a court of review, not of original error. Restated, we review only those issues presented to us; we do not craft new issues or otherwise search for them in the record.").

Because Pedelahore neither objected to his sentence nor requested a sentence below thirty months at his revocation hearing, we review only for plain error. *See United States v. Napper*, 978 F.3d 118, 124 (5th Cir. 2020). To demonstrate plain error, Pedelahore must identify (1) an error that has not been intentionally relinquished or forfeited (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Pedelahore fails to show reversible error. His thirty-month revocation sentence is within the three-year statutory maximum for a Class B felony. *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014); 18 U.S.C. § 3583(e)(3). Additionally, in selecting the sentence, the district court considered the appropriate 18 U.S.C. § 3553(a) factors as well as the nonbinding policy statements in Chapter 7 of the Guidelines. Pedelahore fails to show that the district court clearly or obviously erred in weighing or balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013). The district court acknowledged that its sentence is above the applicable advisory Sentencing Guidelines range. In explaining its decision to deviate from the advisory term, the district court explained that it took into "serious consideration" the danger that Pedelahore will reach out to others again in the future. The district court also noted that this is Pedelahore's third revocation—with some of his past revocations involving the same or similar conduct for which he was originally convicted—and represents yet another breach of the court's trust. *See Napper*, 978 F.3d at 125; *cf. United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (holding revocation sentence twenty-six months above policy statement range but within statutory maximum not to be plain error). We cannot say the district court erred, let alone plainly erred, in its decision.

The judgment is AFFIRMED.